UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JEFF LEAK,** | Civil Action No. 15-3914 (SDW) |
| **Plaintiff,** | |
| v. | OPINION |
| **ADMIN. KEN NELSON, et al.,** | |
| **Defendants.** | |

**WIGENTON**, District Judge:

      Plaintiff, Jeff Leak, filed a complaint against Defendants on or about June 10, 2015. (ECF No. 1). On July 1, 2015, this Court granted Petitioner's application to proceed *in forma pauperis*. (ECF No. 5). At this time, this Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim for which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set out below, this Court will dismiss without prejudice Plaintiff's complaint.

**I. BACKGROUND**

      Plaintiff Jeff Leak is a convicted state prisoner currently incarcerated at Northern State Prison in Newark New Jersey. (ECF No. 1 at 3). In July of 2013, Plaintiff was being held in administrative segregation at the prison. (*Id.* at 5). While there, Plaintiff began to experience heart palpitations which would not cease. (*Id.*). Plaintiff therefore began filling out medical slips requesting medical aid from prison staff. (*Id.*). Plaintiff alleges that the staff took no action for fifty to sixty days. (*Id.*). After the fifty to sixty days had passed, Plaintiff was finally called

down to medical, where he was told that a medication he was taking, Hydroclorazide, had "drained the [potassium] out of [his] heart." (*Id.*). Plaintiff was thereafter put on a potassium regimen and has been in treatment for related heart issues for over a year. (*Id.*). In spite of this treatment, Plaintiff alleges that permanent damage was done to his heart which would not have occurred had he been taken to medical when he first requested treatment. (*Id.*).

## II. DISCUSSION

### A. Legal Standard

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because, proceeding *in forma pauperis*, Plaintiff is a prisoner bringing claims against a governmental employee.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007)).  To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).  Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim."  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**B. Analysis**

Plaintiff seeks to sue Defendants for violations of his federal constitutional rights pursuant to 42 U.S.C. § 1983.  Section 1983 provides "private citizens with a means to redress violations of federal law committed by state individuals."  *Woodyard v. Cnty. Of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013).  To assert a claim for relief under the statute, a plaintiff must allege that he was deprived of a federal constitutional or statutory right by a person who was acting under the color of state law at the time that the alleged deprivation occurred.  *Id.*  When called upon to evaluate a § 1983 claim, a court must first "identify the exact contours of the underlying right said to have been violated" and determine "whether the plaintiff has alleged a

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

3

deprivation of a constitutional right at all." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)).  Here, Plaintiff asserts claims that prison medical staff were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights.  Plaintiff asserts those claims against only two defendants: Ken Nelson, administrator of Northern State Prison, and Bridget Hogan, head of the prison's medical department.

Plaintiff asserts that medical staff at Northern State Prison were deliberately indifferent to his medical needs.  "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." *Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir. 2009).  Deliberate indifference requires a showing that staff "intentionally den[ied] or delay[ed] care." *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)).  "The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future health." *Id.* (internal quotations omitted).

Plaintiff seeks to state his claims not against the medical staff who allegedly ignored his requests, but rather on supervisory officials in the prison.  Under § 1983, a government official or employee cannot be held vicariously liable for the actions of his subordinates via a *respondeat superior* theory of liability.  *Iqbal*, 556 U.S. at 675-76.  As such, a plaintiff raising claims of supervisory liability must "plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* at 676.  Generally, a plaintiff can establish supervisory liability through one of two means: by establishing either "liability based on an establishment of policies, practices or customs that directly caused the constitutional violation [or] personal liability based on the supervisor participating in the violation of [the

p]laintiff's rights, directing others to violate [the p]laintiff's rights, or having knowledge of and acquiescing to a subordinate's conduct." *Doe v. New Jersey Dep't of Corr.*, Civil Action No. 14-5284, 2015 WL 3448233, at *9 (D.N.J. May 29, 2015) (quoting *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316-20 (3d Cir. 2014), *rev'd on other grounds*, 135 S. Ct. 2042 (2015)).

Here, Plaintiff states that Defendant Nelson "allowed medical staff in ad-seg to violate my civil rights by not answering my call for medical attention." (ECF No. 1 at 4). Plaintiff's claims against Nelson are therefore based on a vicarious theory of liability, which is not permitted under § 1983. Plaintiff's claims against Defendant Nelson must therefore be dismissed. *Iqbal*, 556 U.S. at 675-76.

As to Defendant Hogan, Plaintiff alleges that "she did not inform her staff to answer all inmates['] calls for medical attention." Plaintiff has not pled that Hogan was directly involved in any decision not to bring Plaintiff to medical, nor any actions taken by Hogan as a result of the medical slip he filed. Plaintiff has likewise failed to plead that Hogan put into place any policy or custom in the medical department which gave rise to the violation of his rights. Without pleading personal involvement or the putting into place of a policy or custom which resulted in the violation of Plaintiff's rights, Plaintiff's allegations appear to be nothing more than a *respondeat superior* claim for supervisory liability, which is not cognizable under § 1983. *Id.* In any event, as Plaintiff has not pled facts which would support the conclusion that either named defendant was aware of the situation and therefore was deliberately indifferent to it, Plaintiff has failed to state a claim for which relief can be granted as to either named defendant. *See Doe*, 2015 WL 3448233 at *9-10. Plaintiff's supervisory liability claims will therefore be dismissed without prejudice at this time. As no Defendants will remain, this Court will dismiss the complaint without prejudice in its entirety.

## III. CONCLUSION

For the reasons stated above, this Court dismisses Plaintiff's complaint without prejudice.

An appropriate order follows.


Dated: October 2, 2015    *s/ Susan D. Wigenton*
Hon. Susan D. Wigenton,
United States District Judge